IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GLOBAL IMPACT MINISTRIES, INC.,  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )        1:20CV329
                                 )
CITY OF GREENSBORO and           )
GUILFORD COUNTY,                 )
                                 )
          Defendants.            )


### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Defendants' Motion to Dismiss, (Doc. 15), Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1). (Doc. 15.) For the reasons set forth herein, this court will grant in part and deny in part Defendants' motion.

### I. BACKGROUND

#### A. Parties

Plaintiff Global Impact Ministries, Inc. d/b/a Love Life is a nonprofit, charitable and religious entity organized under the laws of the State of North Carolina with a principal place of business in Cornelius, North Carolina. (Complaint ("Compl.") (Doc. 1) ¶ 1.)

Defendant City of Greensboro ("City") is a municipality organized under the laws of the State of North Carolina. (Id.

¶ 2.) Defendant Guilford County ("County") is a county formed under the laws of the State of North Carolina. (Id. ¶ 3.)

**B.     Factual Background**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)). The facts, taken in the light most favorable to Plaintiff, are as follows.

On March 25, 2020, Defendant County issued a Stay-at-Home Order that would go into effect on March 27, 2020, (Compl., Ex. 7 ("March 25 Order") (Doc. 1-7) at 10), with the stated purpose of curbing the local effects of the global public health crisis created by the COVID-19 pandemic, (see id. at 1-2). The order was set to expire on April 16, 2020. (Id. at 9.) Defendant County subsequently issued two revisions on March 30, 2020, (Compl., Ex. 1 ("March 30 Order") (Doc. 1-1) at 14), and on April 10, 2020, (Compl., Ex. 6 ("April 10 Order") (Doc. 1-6) at 14), but all versions maintained an expiration date of April 16, 2020, (March 30 Order (Doc. 1-1) at 14; April 10 Order (Doc. 1-6) at 14; March 25 Order (Doc. 1-7) at 9).

The Stay-at-Home Order prohibited mass gatherings, certain activities from occurring within the County, and travel into the County for certain purposes. (March 25 Order (Doc. 1-7) at 1-10; March 30 Order (Doc. 1-1) at 1-14; April 10 Order (Doc. 1-6) at

- 2 -

1-15.) The Stay-at-Home Order's express intent was to "ensure that the maximum number of people self-isolate in their places of residence to the maximum extent feasible, while enabling essential services to continue to slow the spread of COVID-19 to the maximum extent possible." (March 25 Order (Doc. 1-7) at 2; March 30 Order (Doc. 1-1) at 3; April 10 Order (Doc. 1-6) at 3.)

Plaintiff is a nonprofit organization that hires personnel to work outside of abortion facilities to assist Christian sidewalk ministers who place themselves near the facilities. (Compl. (Doc. 1) ¶¶ 8-12.) To accomplish its mission, Plaintiff has a church partnership campaign in which members of area churches listen to sermons about abortion, fast, and conduct prayer walks at abortion clinics. (Id. ¶¶ 15-16.) As a result of the COVID-19 pandemic, Plaintiff terminated its prayer walks partnerships with churches, but Plaintiff's paid personnel continued "to be present at or near abortion facilities that remained open during the pandemic," (id. ¶ 19), conducting prayer walks and sidewalk counseling to individuals seeking abortion, (id. ¶ 21), including at an abortion clinic on Randleman Road in Greensboro, (id. ¶ 42).

On March 28 and 30, 2020, the Greensboro Police Department issued citations to and arrested individuals associated with Plaintiff for traveling into Defendant County to engage in a prayer walk at the Randleman Road abortion clinic in violation

- 3 -

of the Stay-at-Home Order. (Id. ¶¶ 40-53.) On April 4, 2020, other individuals associated with Plaintiff who were conducting prayer walks at the Randleman Road abortion clinic voluntarily dispersed at the request of Greensboro Police without being issued a citation or arrested. (Id. ¶¶ 54-58.)

Plaintiff filed its Complaint on April 14, 2020, (id. at 40), two days before the Stay-at-Home Order was scheduled to expire on April 16, 2020, (March 30 Order (Doc. 1-1) at 14; April 10 Order (Doc. 1-6) at 14; March 25 Order (Doc. 1-7) at 9). The Stay-at-Home Order expired by its own terms on April 16, 2020. (March 30 Order (Doc. 1-1) at 14; April 10 Order (Doc. 1-6) at 14; March 25 Order (Doc. 1-7) at 9.)

### C. Procedural History

Plaintiff filed a Complaint in this court on April 14, 2020. (Compl. (Doc. 1).) On June 15, 2020, Defendants filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), (Doc. 15), as well as an accompanying brief, (Br. in Supp. of Mot. to Dismiss ("Defs.' Br.") (Doc. 16)). On July 27, 2020, Plaintiff responded, (Pl.'s Resp. in Opp'n to Mot. to Dismiss ("Pl.'s Resp.") (Doc. 19)); and on August 17, 2020, Defendants replied, (Reply Br. in Supp. of Mot. to Dismiss ("Defs.' Reply") (Doc. 22)).

On December 17, 2020, this court issued an order, (Doc. 27), granting in part Plaintiff's Motion for Leave to File

- 4 -

Notice of Supplemental Authority, (Doc. 24). On December 18, 2020, Plaintiff filed a Notice of Supplemental Authority, (Doc. 28), pursuant to this court's order. On March 10, 2021, Plaintiff filed an additional Notice of Supplemental Authority, (Doc. 29), presenting an authority which Plaintiff argued is relevant to its argument for Article III standing, (id. at 1). On March 26, 2021, Plaintiff filed a Notice regarding "the criminal proceedings against the officers, agents, representatives, and members of Global Impact Ministries, as described in the Complaint," (Doc. 30 at 1), indicating that all charges had been dismissed, (id.).

This matter is ripe for adjudication.

## II. **STANDARD OF REVIEW**

"When . . . a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citation omitted). If subject matter jurisdiction is lacking, the complaint must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

An actual "controversy" must exist at all stages of federal court proceedings. U.S. Const. art. III, § 2, cl. 1; see DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006); United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980). A

- 5 -

Case 1:20-cv-00329-WO-LPA   Document 31   Filed 03/29/21   Page 5 of 15

plaintiff must "establish[] throughout all stages of litigation (1) that he is suffering an injury-in-fact or continuing collateral consequence, (2) that his injury is fairly traceable to the challenged action or decision, and (3) that a favorable decision would be likely to redress his injury." Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (footnote and citations omitted) (emphasis removed).

"When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015) (citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam)). "A case can become moot due either to a change in the facts or a change in the law." Id. (citation omitted). A case is moot where a plaintiff seeks to compel adjudication of an adjustment application which is then closed. See, e.g., Gonzalez v. Mayorkas, No. 1:13-cv-1230, 2014 WL 585863, at *2, *6 (E.D. Va. Feb. 12, 2014).

"A case can become moot due either to a change in the facts or a change in the law." S.C. Coastal Conservation League, 789 F.3d at 482 (citation omitted). However, an exception to this general rule of mootness exists where the underlying dispute is "capable of repetition, yet evading review." FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007). This exception applies

- 6 -

where "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Davis v. FEC, 554 U.S. 724, 735 (2008) (quoting Wis. Right to Life, Inc., 551 U.S. at 462). The Fourth Circuit has held that "this is a narrow exception," which is limited to "exceptional" circumstances. Williams v. Ozmint, 716 F.3d 801, 810 (4th Cir. 2013).

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). Only if there is no reasonable chance the defendant could resume the offending behavior is a case deemed moot on the basis of the voluntary cessation. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189-90 (2000). The Fourth Circuit has interpreted Mesquite narrowly: "we are convinced that Mesquite is generally limited to the circumstance, and like circumstances, in which a defendant openly announces its intention to reenact 'precisely the same provision' held unconstitutional below." Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 116 (4th Cir. 2000) (quoting Mesquite, 455 U.S. at 289 and n.11). "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up

- 7 -

again lies with the party asserting mootness." Friends of the Earth, 528 U.S. at 189 (quoting United States v. Concentrated Phosphate Exp. Ass'n, Inc., 393 U.S. 199, 203 (1968)).

**III. ANALYSIS**

Defendants argue that Plaintiff's Complaint seeks "a declaration that the expired [Stay-at-Home] Order is unconstitutional and an injunction preventing its enforcement against Plaintiff." (Defs.' Br. (Doc. 16) at 9.) Further, Defendants argue that "[b]ecause the [Stay-at-Home] Order has now expired and will not be reenacted, Plaintiff's claims are moot and should be dismissed." (Id. at 7.) Plaintiff argues that their Complaint states a claim for nominal and compensatory damages, which presents an active controversy that nullifies Defendants' mootness arguments. (Pl.'s Resp. (Doc. 19) at 13-23.)[1] Plaintiff also argues that "Defendants' motion also fails because they did not satisfy their burden to show that they will not repeat their unconstitutional behavior" even after the expiration of the Stay-at-Home Order. (Id. at 23.)

This court finds that Defendants' motion should be granted in part, as this court does not find that a case or controversy

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

still exists with regard to Plaintiff's claims for injunctive or declaratory relief. This court will deny in part Defendants' motion, however, as this court finds that Plaintiff has pleaded a claim for nominal damages, which presents a live case or controversy.

### A. Plaintiff's Claims for Declaratory and Injunctive Relief are Moot

Although the burden of proving subject matter jurisdiction is normally on Plaintiff, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), Defendants' bear the "heavy burden" of persuading the court that Plaintiff's claims for declaratory and injunctive relief do not fall into the voluntary cessation exception. Friends of the Earth, 528 U.S. at 189. Defendants have met that burden.

First, "[a] voluntary cessation of challenged conduct must be at least somewhat related to the pending litigation for the voluntary cessation exception to apply." Porter v. Clarke, 852 F.3d 358, 364 n.3 (4th Cir. 2017) (internal quotations omitted). For example, in Wall v. Wade, in which the defendants asserted that the voluntary cessation doctrine did not apply because the change in policy was "unrelated to the litigation," 741 F.3d 492, 498 n.8 (4th Cir. 2014) (citing ACLU of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 55 (1st Cir. 2013)), the Fourth Circuit found that the defendants had issued a memo rescinding

- 9 -

the challenged policy "after the plaintiff's original complaint was filed," and while "in the midst of a separate lawsuit . . . challenging the same policy," concluding that "[t]he timing strongly indicate[d] that the change was at least somewhat related to the two pending lawsuits." Id. Similarly, in Porter v. Clarke, the Fourth Circuit found that the voluntary cessation exception did not apply because "regardless of when the [challenged] policy changes were first considered, the changes were made only after this case was initiated and they came after Defendants' vigorous resistance to changes for several years." 852 F.3d at 364 n.3.

This court finds, as Defendants argue, (Defs.' Reply (Doc. 22) at 3-4), that all three iterations of the Stay-at-Home order maintained the same expiration date of April 16, 2020, (March 30 Order (Doc. 1-1) at 14; April 10 Order (Doc. 1-6) at 14; March 25 Order (Doc. 1-7) at 9), and that this expiration date was determined several weeks before Plaintiff filed its Complaint on April 14, 2020, (Compl. (Doc. 1) at 40). Unlike in Porter and Wall, this court does not find that the decision to let the order expire was, in any way, related to the filing of Plaintiff's complaint. See Wall, 741 F.3d 492, 498 n.8; Porter, 852 F.3d at 364 n.3. Thus, this court finds that Defendants' have met their burden of showing that the "voluntary cessation" exception is inapplicable in this matter.

Second, contrary to Plaintiff's arguments, (Pl.'s Resp. (Doc. 19) at 23-30), the Fourth Circuit has interpreted the "voluntary cessation" exception to be narrow, "in which a defendant openly announces its intention to reenact 'precisely the same provision' . . . ." Valero Terrestrial Corp., 211 F.3d at 116 (quoting Mesquite, 455 U.S. at 289 and n.11). In the almost one year since Plaintiff filed its Complaint, neither Defendant has announced that they will reenact the same provisions which are challenged in Plaintiff's Complaint. (See Defs.' Reply, Ex. A (Doc. 22-1) ¶ 16.) The Chairman of the Guilford County Board of Commissioners, as the entity that enacted the challenged Stay-at-Home Order, has provided a sworn affidavit that the County does not intend to reenact the Order, (id.), and instead, "intend[s] to rely on orders and guidance issued by the State of North Carolina for any further response to the COVID-19 crisis." (Id.)

"Even in the rapidly changing environment of the COVID-19 pandemic where circumstances seem to change quickly, there is a significant difference between the possibility of future conduct a reasonable expectation that challenged conduct will resume." Nisley v. Vaughan, No. 1:20-cv-00297, Docket No. 37 at 6 (M.D.N.C. Apr. 21, 2020). This court finds that this sworn affidavit, in addition to the fact that another Stay-at-Home order has not been issued, serves as an assurance that

- 11 -

Defendants will not issue another Stay-at-Home Order, and thus, Defendants have met their "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again . . . ." Friends of the Earth, 528 U.S. at 189 (internal quotations omitted); see also Grutzmacher v. Howard Cnty., 851 F.3d 332, 349 (4th Cir. 2017) (holding that defendants met their burden where the fire chief submitted a sworn affidavit that the department did not intend to reenact the challenged policies). This court's findings are consistent with other courts' rulings that challenges to stay-at-home orders related to COVID-19 are moot when the orders expire. See Nisley, No. 1:20-cv-00297, Docket No. 37 (M.D.N.C. Apr. 21, 2020); Spell v. Edwards, 962 F.3d 175, 179 (5th Cir. 2020); Martinko v. Whitmer, 465 F. Supp. 3d 774, 777 (E.D. Mich. 2020); Cameron v. Beshear, Civil Action No. 3:20-cv-00023-GFVT, 2020 WL 2573463, at *3 (E.D. Ky. May 21, 2020).

**B. Plaintiff has pleaded a Claim for Nominal Damages**

Even where requests for prospective relief are deemed moot, requests for monetary damages remain live. Mellen v. Bunting, 327 F.3d 355, 365 (4th Cir. 2003). This court finds that Plaintiff has pleaded a claim for nominal damages which presents a live case or controversy.

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain:

- 12 -

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3). This court finds that Plaintiff's Complaint complies with Rule 8 and was sufficient to place Defendants on notice that Plaintiff had stated a claim for nominal damages.

First, Plaintiff alleges that Plaintiff and its staff had stopped engaging in what they allege is protected speech, due to the Stay-at-Home Order, and that, because they had stopped engaging in these activities, that their constitutional rights had already been violated at the time they filed the Complaint. (See Compl. (Doc. 1) ¶¶ 112, 114-15.) Nominal damages, typically of one dollar, are an appropriate remedy for past constitutional harms of the type alleged by Plaintiff. See Carey v. Piphus, 435 U.S. 247, 266-67 (1978) (holding that nominal damages are available to vindicate violations of a plaintiff's constitutional rights, even if the plaintiff has not shown proof of actual injury, because "the law recognizes the importance to organized society that those rights be scrupulously observed"). Moreover, this court finds that, although Plaintiff mentioned nominal damages only two times, (Compl (Doc. 1) ¶ 84, and at 33), these explicit references were sufficient to place

Defendants on notice that nominal damages were part of Plaintiff's Complaint.[2]

Although this court finds that injunctive and declaratory relief for prospective constitutional violations are Plaintiff's primary allegations, (see Compl. (Doc. 1) ¶¶ 1-180), and that Plaintiff's Complaint is not the model of a clearly pleaded request for nominal damages, this court does not find that a perfectly pleaded complaint is required under Rule 8. Here, for the purposes of the litigation at this stage, this court finds that Plaintiff's Complaint is sufficient to plead a claim for nominal damages for past constitutional harms.

This court does not, however, make a finding at this time that Plaintiff has alleged any facts that would give rise to compensatory damages. Nevertheless, because Plaintiff's "request for nominal damages satisfies the redressability element of standing," Uzuegbunam v. Preczewski, 592 U.S. ___, ___ (2021), 141 S. Ct. 792 (2021), Plaintiff's claim is sufficient to give

---

[2] Defendants argue that placing a demand for nominal damages in the prayer for relief is insufficient to establish the claim. (Defs.' Reply (Doc. 22) at 7-8.) Although this court finds that it would be clearer and a better practice if Plaintiff had worded their allegations as to nominal damages in the body of the Complaint, as Defendants argue should have occurred, (id. at 5-9), absent some suggestion by Defendants that the allegations were insufficient to place them on notice that Plaintiff was pleading a claim for past violations of constitutional rights, this court finds that Plaintiff has pleaded a claim for nominal damages.

rise to a live case or controversy. Accordingly, this court will not grant Defendant's motion with regard to Plaintiff's claims for nominal damages for past constitutional violations, as these claims are not moot.

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. 15), is **GRANTED IN PART AND DENIED IN PART.** The Motion is **GRANTED** with regard to Plaintiff's claims for injunctive and declaratory relief. These claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Doc. 15), is **DENIED** with regard to Plaintiff's claims for nominal damages for past constitutional violations.

This the 29th day of March, 2021.

_____
United States District Judge